**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TENKE CORP., | ) | CASE NO.:  4:07CV170 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| CERTIFIED RESTORATION | ) | |
| DRYCLEANING NETWORK, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Motion by Defendant to Dismiss pursuant to Fed. R. Civ. P. 12(b) and under 28 U.S.C. § 2201.  (Doc. #4)  Plaintiff timely filed a Response to the Motion to which a Reply brief was promptly filed.  (Docs. #6 & 7 respectively)  The Court has been advised, having reviewed the pleadings, exhibits attached thereto and applicable law.   For the reasons stated below, the Court finds that Defendant's Motion is well-taken and therefore grants same.

Of the various issues Defendant presented in its Motion, the Court finds the first to be dispositive of the matter.  Defendant alleges that the action should be dismissed due to the forum selection clause contained in the Franchise Agreement and this Court agrees.  Section 15, paragraph G of that agreement states:

> G.      JURISDICTION.
>
> Subject to Section 15.F., you agree that all actions arising under this Agreement, or otherwise, as a result of the relationship between you and us shall be commenced in the state, and in the state, or federal court of general jurisdiction, closest to where our principal business address then is located, and you irrevocably submit to the jurisdiction of such courts and waive any objection you may have to either the jurisdiction of or venue in such courts.  Notwithstanding the foregoing, you agree that we may

> enforce this Agreement in the courts of the state or states in which you are domiciled or the Franchised Business is located.

Defendant is a Michigan resident.  Therefore, under the terms of the forum selection clause, this action is properly brought in a state or federal court in Michigan.  Plaintiff claims that the clause is overreaching and thus unenforceable because it allows Defendant to choose whether to file in Michigan or in the state where the franchise is located.

A forum selection clause is valid and enforceable when the agreement involves a commercial transaction between two business entities.  *Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital, Inc.,* 66 Ohio St.3d 173, 610 N.E.2d 987, 988-89 (Ohio 1993).   Such a clause contained in a commercial contract is presumed to be controlling absent a strong showing to the contrary.  *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972).  In determining the enforceability of such a clause, this Court looks to "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Preferred Capital, Inc. v. Associates in Urology,* 453 F.3d 718, 721 (2006).

In looking to the commercial nature of the contract, neither party contests that both businesses are for-profit.  "[S]uch clauses are *prima facie* valid in the commercial context, so long as the clause has been freely bargained for."  *Id.* (quoting *Kennecorp.* 610 N.E.2d at 989).  Additionally, Plaintiff does not argue that it was not permitted to contest any part of the proposed agreement or that the contract wasn't freely bargained for.

The Sixth Circuit held in *Moses v. Bus. Card Express,* 929 F.2d 1131 (6th Cir. 1991), "unless there is a showing that the alleged fraud or misrepresentation induced the

party opposing a forum selection clause *to agree to inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Id.* at 1138 (emphasis in original). Plaintiff has failed to produce evidence of either fraud or misrepresentation.

Finally, the Court looks to whether the clause is "unreasonable or unjust." *Info Leasing Corp.,* 784 N.E.2d at 1196.  As stated above, Plaintiff claims that the clause is unreasonable because it is overreaching.  Its argument is based on the fact that the clause allows Defendant to choose the forum where the case can be tried.

The Sixth Circuit, in *Preferred Capital, Inc. v. Aetna Maintenance, Inc.,* 207 Fed.Appx. 562 (6th Cir. 2006), recently upheld a forum selection clause as being reasonable and not overreaching, which stated that assignment was a possibility and that in the event of an assignment, any disputes would be governed by the laws of the state of incorporation of the assignee.   Therefore, it was possible that the action could be brought in any state, depending on the location of a future assignee.  This Court cannot find that the clause at issue is overreaching merely because it gives Defendant a choice of forum. "While [Plaintiff] may be dissatisfied with the litigation forum, it is not our task to save [Plaintiff] from the consequences of an agreement it freely entered into." *Id.* at 565.

Based on the above, Plaintiff's arguments regarding the forum selection clause are found to be without merit.  Defendant's Motion to Dismiss is GRANTED.

So ordered.

Dated:  July 20, 2007                             *____s/ Judge John R. Adams_____*
                                                  JUDGE JOHN R. ADAMS
                                                  UNITED STATES DISTRICT COURT

3